# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

FILED

2004 DEC 13 P 4: 56

U.S. DISTRICT COURT
HARTFORD, CT.

## AMENDED JUDGMENT IN A CRIMINAL CASE

**UNITED STATES OF AMERICA**

v.

**Luis Santiago**
**202 Nancy Road**
**New Britain, CT 06051**
SSN: DOB:

CASE NO. 3:02CR4 (AWT)

**Raymond F. Miller**, Assistant U.S. Attorney

**Thomas G. Dennis, Esquire**
Defendant's Attorney

The defendant pled guilty to count **one** after a plea of not guilty. Accordingly, the defendant is adjudged guilty of count **one,** which involves the following offense:

Title & Section: **21:841(a)(1) & 841(b)(1)(B)(ii) & 846** Count: **One**
Nature of Offense: **Conspiracy to Possess with Intent to Distribute, and to Distribute, a Mixture and Substance Containing 500 Grams or more of Cocaine**
Date Offense Concluded: **12/21/01**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984. The court departed upward, and in accordance with the September 15, 2004 decision of the Court of Appeals, the judgment with respect to this defendant is being amended for the purpose of including a statement of the court's reasons for departing upward.

The court departed upward pursuant to U.S.S.G. § 5K2.6. As discussed in more detail on December 23, 2002, the court concluded (!) that a substantial increase in the offense level was warranted because the firearm used by the defendant was discharged twice, there was an injury, and there was great potential for more serious injury because the defendant had the gun at the head of Juan Arroyo a/k/a Pepito; and (ii) the two-level increase under U.S.S.G. § 2D1.1(b)(1) did not adequately account for the defendant's use of the firearm. In determining what a "substantial" departure would be, the court looked to U.S.S.G. §§ 2A2.2, 2B3.1, and 2E2.1, as explained in more detail on May 27, 2003; the court then concluded that while the defendant's conduct made a four-level departure appropriate, a three-level departure was more appropriate in view of certain mitigating factors.

The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of **108 months, with credit for time served.** If the State of Connecticut prosecutes and convicts Mr. Santiago in connection with the shooting of Mr. Arroyo, it is this court's recommendation that any sentence of incarceration shall run at least in part concurrently with this sentence. Upon release from custody, the defendant shall be on supervised release for a term of **five years.** Special conditions of supervised release include: **(1) the defendant shall participate in a substance treatment program, which may be either inpatient or outpatient, and may include random testing, and the details as to the selection and schedule of the program shall be approved by the U.S. Probation Office; the defendant shall pay all or part of the costs associated with this treatment, based on his ability to pay, as determined by the U.S. Probation Office; and (2) the defendant shall perform 500 hours of community service, at the rate of 100 hours per year.** The court recommends to the Bureau of Prisons **that the defendant be designated to Ft. Dix, New Jersey to facilitate visits by family members, and that the defendant be allowed to participate in the 500 hour intensive drug treatment program. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), it is hereby ordered that the preliminary order of forfeiture entered on April 22, 2002 with respect to the defendant's interest in the property identified in count nine of the indictment, is final.**

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

In addition to the special conditions of supervised release imposed above, it is hereby ordered that the conditions of supervised release set out on the attached are imposed.

Counts **two through eight** are hereby dismissed on the motion of the United States.

It is ordered that the defendant shall pay a special assessment of **$100**, for count **one,** which shall be due **immediately.**

**May 27, 2003**
Date of Imposition of Sentence

Alvin W. Thompson, United States District Judge
Date: **December 13, 2004**

*CERTIFIED AS A TRUE COPY*
*ON THIS DATE* ________
*Kevin F. Rowe, Clerk*
*BY:* ______________

# CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

## MANDATORY CONDITIONS

■ (1) The defendant shall not commit another federal, state or local offense;

■ (2) The defendant shall not unlawfully possess a controlled substance;

☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;

■ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;

☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;

☐ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;

☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.

☐ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;

(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall also report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

______________________________________________________________________

______________________________________________________________________

____________________

Defendant delivered on ______________________ to ______________________________

at ________________________________, with a certified copy of this judgment.

______________________
John R. O'Connor
United States Marshal

By: ______________________
Deputy Marshal