**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

------------------------------x
UNITED STATES OF AMERICA :
v. : CRIMINAL NO. 3:02CR4(AWT)
LUIS SANTIAGO :
------------------------------x

**RULING ON REQUEST FOR POST-BOOKER RESENTENCING UPON REMAND**

For the reasons set forth below, the defendant's request for resentencing set forth in the Defendant's Crosby Brief (Doc. No. 164) is being denied.

On March 2, 2005, the United States Court of Appeals for the Second Circuit ordered a limited remand in this case in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Court of Appeals' decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).

Pursuant to Crosby, a district court is required to determine whether it would have "imposed a materially different sentence, under the circumstances existing at the time of the original sentence, if the judge had discharged his or her obligations under the post-Booker/Fan Fan regime and counsel had availed themselves of their new opportunities to present relevant considerations . . ." Crosby, 397 F.3d at 117. "In making that threshold determination, the [district court] should obtain the views of counsel, at least in writing, but need not require the

presence of the defendant . . . ." Id. at 120. However, the district court need not hold a hearing in order to reach its decision as to whether to resentence the defendant. If, after considering the factors set forth in 18 U.S.C. § 3553(a) and treating the Sentencing Guidelines as advisory, the court concludes "that the original sentence would have differed in a non-trivial manner from that imposed," id. at 118, then a full resentencing in compliance with Rule 32 of the Federal Rules of Criminal Procedure is required.

The court has treated the Sentencing Guidelines as advisory and considered the arguments in the Defendant's Crosby Brief concerning his family ties, military service, employment history, drug addiction and agreement not to oppose forfeiture proceedings. After considering the totality of the circumstances in this case, including the facts emphasized in the Defendant's Crosby Brief, in light of the factors set forth in 18 U.S.C. § 3553(a), the court concludes that it would not have sentenced the defendant to a different sentence had the Sentencing Guidelines been advisory at the time the sentence was imposed. At the time of sentencing, the court explained that the purposes of sentencing of which the court was most aware in the defendant's case were the need for just punishment and the need to deter him from committing a crime in the future. Because the court concluded that there was a need to deter the defendant from

committing a crime in the future, it ordinarily would not have thought it appropriate to impose a sentence below the range suggested by the guidelines, but would have imposed a sentence close to or at the top of that range. However, as explained by the court on December 23, 2002 and May 27, 2003, the court looked at the defendant's personal characteristics in deciding to impose a sentence at the bottom of the range suggested by the Sentencing Guidelines. The court's conclusion that the sentence imposed is the most appropriate sentence under all the circumstances remains unchanged.

Accordingly, the Amended Judgment in a Criminal Case dated December 13, 2004 (Doc. No. 134) remains in full force and effect.

It is so ordered.

Dated this 8th day of June 2006 at Hartford, Connecticut.

/s/
Alvin W. Thompson
United States District Judge