Conn/Hart
02-CR-4
Thompson

MANDATE

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of March, two thousand seven.

PRESENT: HON. DENNIS JACOBS,
*Chief Judge*,
HON. RALPH K. WINTER,
HON. CHESTER J. STRAUB,
*Circuit Judges*.

UNITED STATES COURT OF APPEALS
FILED
MAR 08 2007
Thomas Asreen, Acting Clerk
SECOND CIRCUIT

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

*Appellee*,

-v.- 03-1335-cr

LUIS SANTIAGO,

*Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

SUBMITTING FOR APPELLANT: Charles F. Willson, Nevins & Nevins LLP, East Hartford, CT (Thomas G. Dennis, Federal Defender, District of

ISSUED AS MANDATE: 4/2/07

Connecticut, Hartford, CT, on the brief).

**SUBMITTING FOR APPELLEE:** Raymond F. Miller, Assistant United States Attorney (Jeffrey A. Meyer, on the brief), for Kevin J. O'Connor, United States Attorney, District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Thompson, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant Luis Santiago appeals the sentence imposed following his plea of guilty to conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 846. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. Santiago's initial appeal argued [i] that the district court improperly applied a two-level enhancement for possession of a firearm in connection with a drug conspiracy pursuant to U.S.S.G. § 2D1.1(b)(1), and [ii] that the district court's three-level upward departure pursuant to U.S.S.G. § 5K2.6 was unwarranted. In United States v. Santiago (Santiago I), 384 F.3d 31 (2d Cir. 2004), we rejected Santiago's first argument, and affirmed the district court's application of the two-level enhancement; but we did not reach Santiago's challenge to the upward departure. On the parties' consent, we remanded to the district court "for the very limited purpose of amending the written judgment and conviction order to set forth in writing its reasons for granting the section 5K2.6 upward departure." 384 F.3d at 37. We retained jurisdiction pursuant to United States v. Jacobson, 15 F.3d 19 (2d Cir. 1994).

The district court issued its amended judgment on December 13, 2004, and subsequently reconsidered and affirmed Santiago's sentence (on June 8, 2006) under the procedures set forth in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). We reinstated jurisdiction over the

appeal on October 5, 2006. Santiago raises three challenges to the district court's § 5K2.6 upward departure.

First, Santiago argues that there was an insufficient relationship between his use of the firearm and his drug conviction. This argument is foreclosed by our determination in Santiago I (in connection with the § 2D1.1(b)(1) enhancement) that Santiago's use of a firearm was "in the course of and in connection with his participation in the narcotics conspiracy." 384 F.3d at 34.

Second, Santiago argues that the § 5K2.6 "use" departure double-counts the use of a firearm when imposed in addition to the § 2D1.1(b)(1) "possession" enhancement. But the application of separate "use" and "possession" guidelines is appropriate where, as here, the defendant both possessed and fired a gun; each guideline targets a separate aspect of Santiago's conduct. See United States v. Franklyn, 157 F.3d 90, 98-99 (2d Cir. 1998) (approving of both [i] enhancement for possession of a firearm under § 2K2.1(a)(6) and [ii] departure for firing the firearm under § 5K2.6); see also id. at 99 n.7 (rejecting "double-counting" argument by noting that possession is distinct from firing and observing that "[a]ny person hit by a bullet would immediately appreciate the distinction").

Third, relying on United States v. Kim, 896 F.2d 678 (2d Cir. 1990), Santiago argues that the three-level extent of the departure was excessive. We review the extent of a departure for abuse of discretion. United States v. Fuller, 426 F.3d 556, 562 (2d Cir. 2005). Kim stated that prior to imposing an upward departure, a district court should "consider the next higher levels in sequence to determine if they adequately reflect the seriousness of the defendant's conduct." 896 F.2d at 685. But "to the extent Kim . . . can be interpreted to require such explicit consideration, this Court has retreated from such a mechanistic view. Instead, we have indicated that District Courts must only 'make clear on the record how the court determined the magnitude of the departure.'" United States v. Mora, 22 F.3d 409, 413 (2d Cir. 1994) (quoting United States v. Campbell, 967 F.2d 20, 27 (2d Cir. 1992)). Here, the district court imposed a three-level departure based on the following factors: [a] "the firearm was discharged twice," [b] "there was injury and there was potential for even more serious injury because . . . the gun was held at Mr. Arroyo's head," and [c] Santiago was "willing to consider

killing Mr. Arroyo." The district court also considered certain mitigating factors--Santiago's desire to protect his family and other evidence that "sp[oke] in a positive way about his character." The district court elucidated these appropriate bases for the three-level departure; the extent of the departure was therefore not an abuse of discretion.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Thomas W. Asreen, Acting Clerk

By: ____________________
Richard Alcantara, Deputy Clerk

A TRUE COPY
Thomas W. Asreen, Acting Clerk
by ____________________
DEPUTY CLERK